[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an appeal from the Warren Municipal Court. Appellant, Prescott Walters, appeals from his conviction and sentence on one count of domestic violence, R.C. 2919.25(A), a misdemeanor of the first degree.
In a complaint filed on February 12, 1997, appellant was charged with domestic violence, R.C. 2919.25(A). The matter proceeded to a trial to the court on August 19, 1997. At the trial, two witnesses testified for the state. First, Detective Gary M. Fonce ("Fonce") of the Warren City Police Department testified that on December 2, 1997, at 10:52 p.m., he was dispatched to the residence of Darla Morgan ("Morgan"), the alleged victim. Upon arrival at the house, Fonce met with Sergeant Gargas and Patrolman Mackey of the City of Warren Police Department, who informed Fonce of a domestic violence incident that had occurred "a short time earlier" that evening at the Fiesta Cafe in Warren, Ohio. Fonce discovered that appellant had been at the victim's residence, and ultimately arrested appellant after a search of neighboring yards.
Fonce stated that he returned to the victim's home and took her statement. Morgan informed Fonce that she and appellant had been drinking at the Fiesta Cafe, and that they began to argue inside the bar. The argument continued outside and appellant "poked her in the face with his finger and punched her in the chest and then choked her by grabbing her around her neck." Morgan also provided a written statement indicating that appellant "choked me around my neck and punched me in my chest. I told him I was going to go to the bathroom and called the police."
The only other witness to testify at trial was Morgan. She testified that she and appellant resided together with her five children. She explained that a verbal argument occurred, but altered her version of events by stating that appellant "grabbed me around my arm, and I was busy struggling with him and wanted to walk home because I was angry. I acted hastily." She also emphasized that appellant did not grab her around her throat, but instead stated that appellant choked her by pulling her by the collar. She emphasized that "[i]t felt like it was choking me, but it wasn't him with his hands choking me." Morgan added, contrary to her prior statement to Fonce, that appellant never punched her in the chest. In summary, Morgan repudiated her statement made to Fonce on the night of the incident.[1]
After Morgan completed her testimony, appellant moved for a dismissal under Crim.R. 29(A). The trial court overruled the motion, stating, "I'm going to deny your motion here. The State has presented credible testimony through the officer, both being at the scene and from his conversations." After a discussion off the record, the court stated:
 "For the record, I find that the testimony of Officer Fonce with regard to Ms. Morgan's comments were of excited utterances [sic] within the definition of the Ohio Rules of Evidence, and based on the evidence before the Court, I am satisfied that the State has proven its case beyond a reasonable doubt, and I find Mr. Walters guilty of the offense of domestic violence."
The trial court fined appellant $250, sentenced appellant to one hundred eighty days in jail, with one hundred fifty days suspended, and placed appellant on probation for five years. The court also suspended execution of the sentence pending appeal. Appellant timely filed a notice of appeal, and asserts the following assignments of error:[2]
 "[1.] The trial court erred, to the prejudice of the appellant, by permitting Officer Fonce to testify as to oral and written statements made by the party on the basis that the statements were `excited utterances.'
 "[2.] The appellant's conviction was obtained in violation of the appellant's federal and state constitutional rights.
 "[3.] The appellant's conviction for the crime of domestic violence was not supported by sufficient evidence.
 "[4.] The appellant's conviction was against the manifest weight of the evidence."
In the first assignment of error, appellant asserts that the trial court erred in admitting hearsay statements purportedly made by Morgan to Fonce. In the present case, appellant asserts that after Fonce testified regarding Morgan's statements to him, his trial counsel "obviously objected to Officer Fonce's recitation of the victim's purported oral and written statements." However, our review of the record indicates that appellant never objected to Fonce's testimony on any basis. Although his counsel emphasized during his cross-examination of Fonce that he was not present when the alleged domestic violence occurred, appellant's counsel never objected to that testimony. Thus, the issue was not preserved for appeal and is waived.[3] Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that his conviction was obtained in violation of the Fifth, Sixth, andFourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution. Specifically, he contends that he was denied the ability to advance his defense because the trial court did not permit him to testify or to present any evidence in his defense.
In the case sub judice, after appellant's trial counsel completed his cross-examination of Morgan, the following exchange occurred:
"ATTORNEY CERVELLO: Nothing further.
"THE COURT: Mr. Thomas?
"PROSECUTOR THOMAS: The State has nothing further.
"THE COURT: Any summation?
"PROSECUTOR THOMAS: No.
"THE COURT: Mr. Cervello?
 "ATTORNEY CERVELLO: We'd just ask for a Rule 29 Dismissal, Your Honor. * * *
 "THE COURT: Mr. Cervello, I'm going to deny your motion here. The State has presented credible testimony through the officer, both being at the scene and from his conversations.
"MR. CERVELLO: He wasn't at the scene of the crime.
"THE COURT: Let me have both lawyers up here."
The attorneys then had a discussion at the bench that was not recorded for the record. Then the court stated that Fonce's testimony with respect to Morgan's prior statements was admissible under Evid.R. 803(2) as an excited utterance, and stated "I am satisfied that the State has proven its case beyond a reasonable doubt, and I find Mr. Walters guilty of the offense of domestic violence."[4]
While we understand the concerns raised by appellant's argument that he was not permitted to present a defense, we conclude the record does not demonstrate reversible error. In reviewing the previously quoted discussion on the record, and noting the existence of a side bar conference off the record, we believe these indicate that appellant neither entered an objection, requested an opportunity to submit evidence in his case-in-chief, or attempted to utilize App.R. 9(E). Additionally, it appears from the record that appellant's trial counsel was content to conclude the trial with a Crim.R. 29(A) motion for judgment of acquittal. However, while we do not find error here, prospectively, the trial court would be well-advised to affirmatively inquire of a criminal defendant whether he would like to present evidence in his behalf.
Although we are not persuaded by appellant's argument under this assignment, we would be remiss if we did not address the gravamen, in part, of appellant's contentions under this assignment. The tone of the narrative and the diction employed by the trial court in the colloquy that took place following the conclusion of appellee's case are not to be applauded or countenanced. Judicial frustrations frequently require significant and appropriate self-restraint. The language employed here does not provide an exemplar in judicial temperament. We have addressed parallel conduct in recent cases, and have made it abundantly clear that this court will not condone such exercises. See, generally, State v. Bayer (1995), 102 Ohio App.3d 172; Statev. Filchcock (Apr. 10, 1998), Lake App. No. 97-L-068, unreported. Judgments must be rendered in ways that manifest fairness of the courts.
Thus, appellant's second assignment of error is not well-taken.
In the third assignment of error, appellant argues that his conviction for domestic violence was not supported by sufficient evidence. In State v. Martin (1983), 20 Ohio App.3d 172, 175, the court held that in reviewing a claim that a conviction is not supported by sufficient evidence:
 "[T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence." See, also, State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10-11.
In the case at bar, appellant was found guilty of domestic violence, in violation of R.C. 2919.25(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." In the present case, Morgan testified that she and appellant resided together; thus, they were members of the same household. Additionally, although no submission indicates that Morgan suffered any physical harm, the evidence of her prior statement that appellant choked her and struck her in the chest is sufficient to indicate an attempt to cause physical harm. Appellant's third assignment of error is without merit.
In the fourth assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction."Martin, 20 Ohio App.3d at 175. See, also, State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11, we held:
 "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence of each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *) "` * * *" (Citations omitted and emphasis sic.) See, also, Thompkins, 78 Ohio St.3d at 387.
As previously stated, Fonce's testimony relating to Morgan's statements that appellant struck her is contradicted only by Morgan's trial testimony. It was within the court's discretion, as fact-finder, to believe the prior statements, and not her trial testimony. Accordingly, we cannot conclude that the trial court lost its way in finding appellant guilty of domestic violence. Appellant's fourth assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the Warren Municipal Court is affirmed. _______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
NADER, J., concur.
[1] Neither Morgan nor Fonce testified that Morgan suffered any physical injuries as a result of the incident.
[2] Appellee, the state of Ohio, has not submitted a brief in this appeal.
[3] If the objection took place during the off the record discussion previously noted, appellant failed to utilize App.R. 9(E) to supplement the record.
[4] This writer notes that the foundation for admitting Morgan's statements to Fonce through the excited utterance exception to the hearsay rule, Evid.R. 803(2), is tenuous, at best. If a proper objection had been raised to the admission of this evidence, our result might well have been different. Moreover, this court observes that the rules of evidence in Ohio, as is true of other types of rules, are a codification of common law principles. We have noticed a propensity on the part of trial courts to take excessive license with such rules.